TAVIS JOSEPH                                      NO. 23-CA-532

VERSUS                                            FIFTH CIRCUIT

JEFFERSON PARISH CLERK OF COURT                   COURT OF APPEAL
OFFICE AND THE DISTRICT ATTORNEY
PAUL CONNICK, ET AL.                              STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 843-222, DIVISION "I"
HONORABLE NANCY A. MILLER, JUDGE PRESIDING


May 29, 2024


**JUDE G. GRAVOIS**
**JUDGE**


Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Scott U. Schlegel


**AFFIRMED**
**JGG**
**MEJ**
**SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
TAVIS JOSEPH
      TAVIS JOSEPH

COUNSEL FOR DEFENDANT/APPELLEE,
JON A. GEGENHEIMER, JEFFERSON PARISH CLERK OF COURT
      Carey B. Daste

COUNSEL FOR DEFENDANT/APPELLEE,
PAUL D. CONNICK, JR., DISTRICT ATTORNEY PARISH OF JEFFERSON
      Honorable Paul D. Connick, Jr.
      Thomas J. Butler
      Darren A. Allemand

**GRAVOIS, J.**

There is only one issue in this appeal: Did the trial court properly deny plaintiff/appellant, Tavis Joseph's, Petition for Writ of Mandamus directed to the Clerk of Court for the Twenty-Fourth Judicial District and the District Attorney for the Parish of Jefferson? Our answer is "yes." We affirm.

## PROCEDURAL BACKGROUND AND FACTS ESTABLISHED AT TRIAL

In February 2014, a Jefferson Parish grand jury indicted Mr. Joseph on two counts of second degree murder in case number 13-4308. In July 2015, a jury found Mr. Joseph guilty as charged. The court sentenced Mr. Joseph to life imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence on each count, to run concurrently. This Court affirmed Mr. Joseph's convictions and sentences. *State v. Joseph*, 16-349 (La. App. 5 Cir. 12/14/16), 208 So.3d 1036, *writ denied*, 17-0077 (La. 4/7/17), 218 So.3d 109.

On June 7, 2023, Mr. Joseph filed a public records request with the Clerk of Court. He requested to inspect and copy "the Jefferson Parish Clerk of Court minutes reflecting a true bill of indictment was found by no less than nine members of the grand jury who voted for: [sic] I request a copy of the grand jury voted [sic] and returned the indictment into open court." In response, on the same date, the Clerk of Court advised Mr. Joseph the documents he requested are not maintained by the Clerk of Court and/or are not part of the court record. The Clerk of Court wrote "record of vote count on indictment by grand jury (DA's Office)."[1]

Subsequently, on July 19, 2023, Mr. Joseph instituted the present suit by filing a Petition for Writ of Mandamus directed to the Clerk of Court and the District Attorney. He requested that the Clerk of Court and the District Attorney provide him with the cost and/or

---

[1] Included in this appeal record is an unsigned letter dated June 14, 2023 from Mr. Joseph to the District Attorney requesting the same information.

copies of the following documents he previously requested but never received: his "'True Bill' of indictment, the grand jury vote count on the second degree murders showing at least nine grand jurors constitute a quorum, and nine grand jurors concurred a (vote) to find an indictment on Tavis Joseph; and the return into open court" in case number 13-4308.

The Clerk of Court answered and asserted the Petition for Writ of Mandamus should be dismissed since the Clerk of Court never refused to provide Mr. Joseph access to public records and never failed to respond to his public records request. The Clerk of Court interpreted Mr. Joseph's initial request to be for a record of the vote count by the grand jury on his indictment, but the Clerk of Court does not maintain the grand jury's vote count. The Clerk of Court informed Mr. Joseph of such on June 7, 2023. After being served with the Petition for Writ of Mandamus, the Clerk of Court wrote to Mr. Joseph on August 7, 2023 to notify him the Clerk's office is only in possession of the grand jury return minute entry reflecting the name and number of the grand jurors present for the return and the signature of the grand jury foreperson on the bill of indictment. To receive a copy of those documents, Mr. Joseph needed to submit a payment of $9.00. The Clerk of Court informed Mr. Joseph the record in his criminal proceeding did not contain any documents reflecting the number of grand jury members who voted for the indictment.

The District Attorney filed peremptory exceptions of no cause of action and no right of action, asserting that as a practice, the District Attorney does verify with the grand jurors that a quorum of at least nine voted to return a true bill, but does not obtain a transcript of that exchange. To the District Attorney's knowledge, no such transcript of that portion of Mr. Joseph's grand jury proceeding has ever been generated. Even so, the District Attorney argued he is not the proper party to request that such a document be generated, and Mr. Joseph has not shown a particularized need for the document that outweighs the interest in grand jury secrecy.

A hearing on the Petition for Writ of Mandamus and the District Attorney's exceptions was held on September 7, 2023. At the hearing, Mr. Joseph stated three times he had no cause of action against the District Attorney. Thus, the court granted the exception of no cause of action and dismissed the District Attorney. The court then denied the Petition for Writ of Mandamus against the Clerk of Court, finding the Clerk of Court properly responded to Mr. Joseph's request. On September 14, 2023, the court signed a written judgment sustaining the District Attorney's exceptions, dismissing the District Attorney with prejudice without objection, denying the writ of mandamus as moot, and dismissing the Clerk of Court with prejudice. This appeal followed.

On appeal, Mr. Joseph argues the trial court erred when it denied his Petition for Writ of Mandamus, and the Clerk of Court erred when it did not record the vote count of the grand jury, thus circumventing the public records law and denying him his right to due process and equal protection of law.[2]

## LAW AND ANALYSIS

The public's right of access to public records is a fundamental right guaranteed by the Louisiana Constitution. La. Const. Ann. art. XII, § 3. That right of access must be liberally construed in favor of free and unrestricted access, which can only be denied when a law specifically and unequivocally provides otherwise. *Pardee v. Connick*, 18-718 (La. App. 5 Cir. 3/15/19), 267 So.3d 179, 182, citing *Title Research Corp. v. Rausch*, 450 So.2d 933, 936 (La. 1984).

Providing access to public records is the responsibility and duty of the custodian and his employees, who shall present any public record to any person of the age of majority who so requests, except as otherwise provided in the Public Records Law. *See* La. R.S. 44:31, 44:32(A). An individual in custody after sentence following felony

---

[2] This appeal only concerns the trial court's denial of the Petition for Writ of Mandamus. Mr. Joseph told the trial court he had no cause of action against the District Attorney, did not object to the granting of the District Attorney's exceptions, and did not assign that ruling as error on appeal.

conviction who has exhausted his appellate remedies is permitted access to public records if the request is limited to grounds upon which the individual could file for postconviction relief under La. C.Cr.P. art. 930.3. La. R.S. 44:31.1. However, nothing in La. R.S. 44:31.1 prevents an inmate from seeking records related to his conviction simply because the time period for filing for post-conviction relief has passed. *State ex rel. Leonard v. State*, 96-1889 (La. 6/13/97), 695 So.2d 1325.

Under La. R.S. 44:35(A), a person who has been denied the right to inspect, copy, reproduce, or obtain a copy or reproduction of a public record may institute proceedings for the issuance of a writ of mandamus, injunctive, or declaratory relief, together with attorney's fees, costs, and damages. *See Muhammad v. Office of Dist. Attorney for Par. of St. James*, 19-24 (La. App. 5 Cir. 6/19/19), 275 So.3d 421, 429, *writ not considered*, 19-01183 (La. 10/15/19), 280 So.3d 607.

If the public record is not in the custody of the person to whom the application is made:

> … such person shall promptly certify this in writing to the applicant, and shall in the certificate state in detail to the best of his knowledge and belief, the reason for the absence of the record from his custody or control, its location, what person then has custody of the record and the manner and method in which, and the exact time at which it was taken from his custody or control. He shall include in the certificate ample and detailed answers to inquiries of the applicant which may facilitate the exercise of the right granted by this Chapter.

La. R.S. 44:34.

It is a long-established policy that the secrecy of grand jury proceedings should be carefully maintained; however, this secrecy is not absolute. *State v. Ross*, 13-175 (La. 3/25/14), 144 So.3d 932, 937. Louisiana grand jury secrecy laws expressly allow for the disclosure of state grand jury materials in limited situations. *See* La. C.Cr.P. arts. 434 and 434.1. Outside of those situations, a party seeking disclosure of state grand jury materials must show a compelling necessity for the materials. *Ross*, 144 So.3d at 938.

In the present case, the Clerk of Court advised Mr. Joseph on June 7, 2023 the information he requested is not maintained by the Clerk of Court and directed him to the District Attorney. The Clerk of Court again certified in writing to Mr. Joseph on August 7, 2023 that the record does not contain any documents which reflect the number of grand jury members who voted for the indictment. If he wished to have a copy of the grand jury return minute entry and his bill of indictment, he was required to submit a payment of $9.00 to the Clerk of Court. At the hearing on the matter, the Clerk of Court explained again, with regard to the grand jury proceedings, the Clerk of Court only has a record of the return on the indictment, but the return does not include the number of grand jury members who voted to support the indictment. The Clerk of Court stated the only entity who would have that information is the District Attorney.

Considering the Clerk of Court is not in possession of the requested information, Mr. Joseph was properly informed of such, and Mr. Joseph was given a cost estimate for copies of the documents the Clerk of Court does possess, we find no error in the trial court's judgment dismissing the Petition for Writ of Mandamus.

Finally, on appeal, Mr. Joseph asserts that his rights to due process and equal protection were violated under La. C.Cr.P. arts. 383, 435, and 444 because the Clerk of Court did not record how many grand jurors voted to indict him. An indictment is a written accusation of crime made by a grand jury. It must be concurred in by not less than nine of the grand jurors, indorsed "a true bill," and the indorsement must be signed by the foreman. La. C.Cr.P. art. 383.[3] A review of Mr. Joseph's previous appellate record reveals a minute entry dated February 20, 2024, which states that it is a partial return of the Jefferson Parish Grand Jury. The minute entry states that after being sworn and taking the stand, the foreperson provided that a "TRUE BILL" was returned on Mr. Joseph and he was indicted on

---

[3] La. C.Cr.P. art. 435 provides, in pertinent part: "Nine grand jurors shall constitute a quorum, and nine grand jurors must concur to find an indictment." La. C.Cr.P. art. 444 provides, in pertinent part: "At least nine members of the grand jury must concur in returning 'a true bill' or 'not a true bill.'"

two counts of second degree murder. The bottom of the return states: "IT IS ORDERED BY THE COURT that the finding of the Grand Jury of the Partial Return be filed with the Clerk of Court … ." It is signed by the minute clerk. The Clerk of Court informed Mr. Joseph he could receive a copy of this grand jury return minute entry and his bill of indictment by submitting a payment of $9.00. We find that Mr. Joseph failed to present any evidence indicating the Clerk of Court failed to perform any legal duties owed to him. Mr. Joseph's arguments on appeal are without merit.

## DECREE

The trial court judgment dismissing the Petition for Writ of Mandamus is affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MAY 29, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-CA-532**

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE NANCY A. MILLER (DISTRICT JUDGE)
CAREY B. DASTE (APPELLEE)          DARREN A. ALLEMAND (APPELLEE)          THOMAS J. BUTLER (APPELLEE)

### MAILED

TAVIS JOSEPH #4707704 (APPELLANT)
LOUISIANA STATE PENITENTIARY
ANGOLA, LA 70712

HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
SUNNY D. FUNK (APPELLEE)
ASSISTANT DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053